UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SCOTT JOHNSON,

               Plaintiff,

      v.

BW RRI II LLC,

            Defendant.

Case No.  21-cv-04447-TSH

**ORDER DISMISSING CASE**

On October 3, 2022, Plaintiff Scott Johnson filed a Notice of Indication of Mootness of ADA Claim for Injunctive Relief.  ECF No. 30.  Johnson states as follows:

> As of October 3, 2022, Defendant has represented that the subject business has been closed and is being sold.  This suggest that Plaintiff's claim for injunctive relief is moot.  Plaintiff acknowledges that with Defendant's indication that the subject business closed, he has no objection to the dismissal of his ADA claim.

> Further, should this Court dismiss Plaintiff's sole federal question claim, Plaintiff has no objection to this Court declining to exercise supplemental jurisdiction over his state law claim so that he can refile that action in state court.

Under the ADA, plaintiffs may only seek injunctive relief and attorney's fees.  *See* 42 U.S.C. § 12188(a)(1); *Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 401-02 (1968).  Thus, if a claim for injunctive relief is moot, the plaintiff loses standing, which means the Court no longer has subject-matter jurisdiction over the ADA claim.  *Johnson v. Case Ventures, LLC*, 2020 WL 4747908, at *2 (N.D. Cal. Aug. 17, 2020) (citing *Grove v. De La Cruz*, 407 F. Supp. 2d 1126, 1130-31 (C.D. Cal. 2005)).  Accordingly, Johnson's ADA claim is **DISMISSED WITH PREJUDICE**.[1]

---

[1] The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  ECF Nos. 7, 13.

United States District Court
Northern District of California

As to Johnson's state law Unruh Act claim, the Court "may decline to exercise supplemental jurisdiction" if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).  As the Supreme Court and Ninth Circuit have "often repeated," "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point toward declining to exercise jurisdiction over the remaining state-law claims." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997), *supplemented by* 121 F.3d 714 (9th Cir. 1997) (alterations omitted) (quoting *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).  Accordingly, Whitaker's Unruh Act claim is **DISMISSED WITHOUT PREJUDICE** to refiling in state court.

**IT IS SO ORDERED.**

Dated: October 4, 2022

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California

2